UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

PRIME PROPERTY & CASUALTY
INSURANCE COMPANY,

    Plaintiff,

Case No.  2:24-CV-14053-AMC

vs.

PRIDE OF SAINT LUCIE LODGE #1189,
IBPOE of W, INC. and SHEKIRRAYAH
EVERETT,

    Defendant
_____/

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Prime Property and Casualty Insurance Company ("Prime") sues Pride of Saint Lucie Lodge #1189, IBPOE of W, Inc. ("Pride of Saint Lucie Lodge") and Shekirrayah Everett ("Everett") (collectively, "Defendants") for declaratory judgment as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief filed for the purpose of determining an actual and present controversy between the parties arising out of an assault & battery that occurred on March 27, 2021 in Ft. Pierce, Florida involving injuries allegedly sustained by Everett at the Pride of Saint Lucie Lodge's premises, but which is not covered under the Policy of insurance issued by Prime.

2. This Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of fees, interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

3. Prime is a foreign Corporation under the laws of the State of Illinois, domiciled in and with its principal place of business in Utah.

4. Pride of Saint Lucie Lodge is a Florida corporation organized under the laws of Florida, domiciled in and with its principal place of business in St. Lucie County, Florida.

5. Everett, at all times relevant to this action, is a citizen of the State of Florida, domiciled in and a resident of St. Lucie County, Florida.

6. Venue is appropriate in the Southern District of Florida as at least one of the Defendants resides there and the policy of insurance was issued by Prime for delivery in St. Lucie County, Florida.

7. An actual justiciable controversy between Prime and the Defendants exists within the meaning of 28 U.S.C. § 2201, regarding whether Prime has a duty to defend and therefore a duty to indemnify Pride of Saint Lucie Lodge pursuant to the terms and conditions of a policy of insurance, with respect to the claims asserted by Everett, as is described in greater detail below.

**COUNT I**
**NO COVERAGE UNDER THE COMMERCIAL LIABILITY POLICY BECAUSE THE CLAIM WAS NOT MADE AND REPORTED DURING THE POLICY PERIOD AND BECAUSE OF THE ASSAULT AND BATTERY EXCLUSION**
**(AGAINST ALL DEFENDANTS)**

8. On August 29, 2022, Everett filed a lawsuit against Pride of Saint Lucie Lodge (the "Underlying Lawsuit"). A copy of the operative complaint in the Underlying Lawsuit is attached as **Exhibit B**.

9. Pride tendered the suit to Prime believing there was coverage under the Policy.

10. Prime is currently providing a defense to Pride subject to a reservation of rights.

11. Everett's complaint in the Underlying Lawsuit alleges that on March 27, 2021 or March 28, 2021, she was present at Pride of Saint Lucie's premises which was operating as a nightclub. *See* Ex. B. at ¶¶ 7-8.

93112\320404279.v1

12.     Everett's complaint in the Underlying Lawsuit alleges that while she was at Pride of Saint Lucie Lodge on March 27, 2021 or March 28, 2021, another patron began shooting a gun inside the facility (the "Incident"). *Id.* at ¶ 9.

13.     Everett's complaint in the Underlying Lawsuit alleges that in response to the Incident, patrons began running for safety and Everett was pushed, causing her to sustain bodily injuries. *Id.* at ¶ 10.

14.     Pride of Saint Lucie was served with the complaint in the Underlying Lawsuit on September 26, 2022. A true and correct copy of the return of service is attached as **Exhibit C**.

15.     Prime was notified of the Underlying Lawsuit on November 9, 2022.

16.     Prime issued a policy of insurance to Pride of Saint Lucie Lodge, Policy No. CC20091023, which was in effect from September 13, 2020 through September 13, 2021 (the "Policy"). A copy of the Policy is attached as **Exhibit A**.

17.     The Commercial Liability portion of the Policy contains the following pertinent provisions:

**This COMMERCIAL LIABILITY INSURANCE POLICY (the "Policy") is a claims-made-and-report insurance policy. The Policy is a manuscript policy, meaning it is a negotiated agreement between the Insured and Insurer, and as such it differs significantly from a claims-made or occurrence liability policies offered by other insurance companies. As a claims-made and-reported insurance policy, this Policy contains very strict claim reporting requirement which must be followed as conditions precedent to coverage...**

SECTION I COVERAGE

A. Insuring Agreement

1. Subject to all of the terms, limitations, conditions, definitions exclusions and other provisions his Policy, we will pay Damages in excess any SIR that you are legally obligated to pay because of Bodily Injury or Property Damage to which this Policy applies

   a. Should an accident causing Bodily Injury or Property Damage result from those specified activities or operations which his Policy is limited and

 b. If such Accident occurs during the Policy Period (including any Policy Period extended by specifically identified Retroactive Date) stated on the Declarations or any Endorsement within the United States of America or its territories and

 c. A Claim arising out the Accident is made against you and reported to us in writing during the Policy Period and any applicable SIR has been timely paid.

B. Exclusions

This Policy does not cover, and we will not be obligated to defend you against or pay Damages on your behalf for, any of the following

7. Claims relating to or arising out of an actual or alleged assault and/or battery whether caused by or at the direction of the Insured, the Insured's employees, volunteers, or patrons, or from any cause whatsoever. This Policy further excludes claims, accusations, or charges of negligent hiring, placement, training or supervision regarding any actual or alleged assault and battery. No coverage is provided for Claims alleging negligent hiring or entrustment, training or supervision, failure to provide adequate security, or other allegations of intentional, negligent, or reckless conduct related to actual or alleged assault and/or battery.

## SECTION VI-DEFINITIONS

F. Bodily injury means physical injury person body including death ut shall exclude

 1. Sickness disease sustained by any person or death resulting there from

 2. Mental or emotional distress including but not limited mental anguish, humiliation, embarrassment, mental anxiety or other emotional, psychological or mental injury or any physical manifestation thereof; …

G. "Claims(s)" means any demand for Damages including a written demand, civil action, Suit or institution of arbitration proceeding.

I. "Damages" means a compensatory sum, monetary judgment, award, or settlement an Insured is or may reasonably become legally obligated pay as a result of an Accident but does not include fines or statutory penalties, sanctions, whether imposed by law or otherwise, punitive, exemplary, treble damages or any multiplied portion of a compensatory award, nor the return or restitution of legal fees, costs and expenses.

S. "Policy Period" means the period of time beginning on the "Effective Date" as stated in the Declarations or any Endorsement, and ending on the earlier of the and any effective cancellation date pursuant to the terms the Policy

BB. "Suit" means any proceeding seeking recovery for Damages for Bodily Injury or Property Damage, including

 1. Any civil action filed in a court of law;

2. An arbitration proceeding to which you must submit or do submit with our consent; or

3. Any other alternative dispute resolution proceeding which you submit with our consent.

\* \* \*

18. Everett's claim relates to or arises out of an assault and/or battery.

19. The Commercial Liability Policy precludes coverage for claims relating to or arising out of actual or alleged assault or battery.

20. Further, the Commercial Liability Coverage Policy was in effect from September 13, 2020 through September 13, 2021.

21. Prime's was first notified of the Underlying Lawsuit on November 9, 2022, which was after the policy period.

22. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligations under the Commercial Liability Policy, if any, to defend and indemnify Pride of Saint Lucie Lodge for any claims arising out of the Incident and relating to Everett's claim for damages under the Commercial Liability Policy since the claim and was not made a reported during the policy period, and even if it was it is excluded by the Assault & Battery Exclusion.

**COUNT II**
**NO COVERAGE UNDER THE ASSAULT AND BATTERY CLAIMS MADE POLICY**
**(AGAINST ALL DEFENDANTS)**

23. The Policy also contains the Assault and Battery Claims Made Policy, which provides coverage pursuant to the following provisions:

**ASSAULT OR BATTERY INSURANCE POLICY CLAIMS MADE**

**THIS CLAIMS MADE ASSAULT AND BATTERY INSURANCE POLICY (the "Policy") is a claims-made-and-report insurance policy. The Policy is a manuscript policy, meaning it is a negotiated agreement between the Insured and Insurer, and as such it differs significantly form a claims-made or occurrence liability policies offered by other insurance**

**companies.  As a claims-made and-reported insurance policy, this Policy contains very strict claim reporting requirement which must be followed as conditions precedent to coverage...**

A. Insuring Agreement

1. Subject to all of the terms and conditions of this Policy, we will defend and indemnify the Named Insured from allegations of negligence arising out of an assault or battery causing Bodily Injury if:

> a. The event causing Bodily Injury results from an assault or battery if the Event occurs while all parties involved are on the insured's premises as specifically identified on the Declarations;
>
> b. The Claim is made against the Insured and reported to the Insurer in writing during the Policy Period and any applicable Self-Insured Retention) ("SIR") has been paid.
>
> c. The Insured has maintained other commercial general liability insurance coverage; and
>
> d. All other remaining conditions set forth in this Policy are met in full.

B. Duty to Defend and Indemnify:

1. We have both the right and the duty to provide for your defense with respect to a Claim covered by the Policy. In determining whether a Claim is covered, we have the right to consider evidence outside of the allegations set forth in Suit brought against you. We have the exclusive right to designate and appoint legal counsel to represent you and to otherwise control such defense…

## SECTION III-EXCLUSIONS

This Policy does not cover, and we will not be obligated to defend you against Claims arising from any of the following:

19. Claims which are not timely reported to the Insurer as required by the Notification of Claims provision of this Policy.

## SECTION VI-DEFINITIONS

B. "Bodily Injury" means physical injury to a person's body, including death, but shall exclude:

> 1. Sickness or disease sustained by any person or death resulting there from; and
>
> 2. Mental or emotional distress, mental anguish, humiliation, embarrassment, mental anxiety, or other emotional, psychological, or mental injury, or any physical manifestation thereof.

Bodily Injury does not include physical injury or mental or emotional distress arising out of any transmissible pathogen, disease, microorganism, or causative agent of disease, including, but not limited to, any virus, bacterium, or fungus that is capable of inducing physical distress, illness or disease.

C. Claim(s) means any demand for Damages, including a written demand, a civil action, Suit, or institution of arbitration proceeding.

E. "Damages" means a compensatory sum, monetary judgment, award, or settlement an Insured is or may reasonably become legally obligated to pay as the result of Bodily Injury arising out of an Event, but does not include fines or statutory penalties, sanctions, whether imposed by law or otherwise, punitive, exemplary, treble damages, or any multiplied portion of a compensatory award, nor the return or restitution of legal fees, costs, and expenses.

L. Policy Period" means the period of time beginning on the "Effective Date" as stated in the Declarations and ending on the earlier of the and any "Expiration Date as stated on the Declarations, and any effective cancellation date pursuant to the terms of the Policy.

S. "Suit means any proceeding seeking recovery for Damages for Bodily Injury, including:

    1. Any civil action filed in a court of law;

    2. An arbitration proceeding to which you must submit or do submit with our consent; or

    3. Any other alternative dispute resolution proceeding to which you submit with our consent.

* * *

24. The Assault and Battery Claims Made Policy was in effect from September 13, 2020 through September 13, 2021.

25. Everett's Underlying Lawsuit was filed on August 29, 2022.

26. The Underlying Lawsuit was served on Pride of Saint Lucie Lodge on September 26, 2022.

27. Prime's was first notified of the Underlying Lawsuit on November 9, 2022, which was after the policy period.

28. Further, there is no coverage under the Assault and Battery Claim Made Policy since the Everett claim was not timely reported to the Insurer as required by the Notification of Claims provision of this Policy

29.     Accordingly, there is no coverage under the Assault and Battery Claims Made Policy because the claim was not made and reported during the policy period and otherwise excluded from coverage as the claim was not timely reported to Prime.

30.     In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Prime's obligations under the Policy, if any, to defend and indemnify Pride of Saint Lucie Lodge for any claims arising out of the Incident and relating to Everett's claim for damages since the claim and was not made a reported during the policy period, and even if it was it is excluded from coverage.

WHEREFORE, Prime Property and Casualty Insurance Company respectfully requests this Court to find and declare that:

(1)     It does not have a duty to defend and therefore no duty to indemnify Pride of Saint Lucie Lodge under the Policy for the claims made by Everett against them arising out of the Incident, including the Underlying Lawsuit and,

(2)     In the alternative should a duty to defend exist, that Prime Property and Casualty Insurance Company does not have to indemnify Pride of Saint Lucie Lodge under the Policy for the claims made by Everett against them arising out of the Incident that do not meet the definition of bodily injury under the Policy.

DATED:  March 4, 2024

HINSHAW & CULBERTSON LLP

*/s/Brittney Savino*

**RONALD L. KAMMER, ESQ.**
Florida Bar No. 360589
Primary: rkammer@hinshawlaw.com
Secondary: dphangsang@hinshawlaw.com/
**BRITTNEY SAVINO, ESQ**.
Florida Bar No. 118898
Primary: bsavino@hinshawlaw.com
Secondary: ellampallas@hinshawlaw.com
2811 Ponce de Leon Blvd.
Suite 1000
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Prime Property and Casualty Insurance Company*

93112\320404279.v1